UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOSHUA ALLEN TIPTON,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN BIGGENS and<br>OFFICER CANTRELL,<br><br>    Defendants. | No. 2:18-CV-00092-JRG-CLC |

## **MEMORANDUM OPINION**

On July 1, 2019, this Court entered an order requiring Plaintiff, a prisoner proceeding pro se under 42 U.S.C. § 1983, to show cause within fourteen days as to why this matter should not be dismissed for his failure to report his change of address to the Court [Doc. 27]. The Court entered the order after its prior mailings to Plaintiff were returned as "undeliverable," along with a notation that Plaintiff had been released from custody [Doc. 25]. The Court directed the Clerk to send the show cause order to the permanent address listed in Plaintiff's complaint, and it warned Plaintiff that a failure to timely comply with the order would result in the case's dismissal [Doc. 27 at 2]. More than twenty days have passed, and Plaintiff has not complied with the show cause order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff failed to update his address with the Court, and as the mail to his permanent address has not been returned, the Court presumes it was received. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 27 at 2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 8], and he has not responded to the Court's orders or otherwise communicated with the Court in approximately six months.

Therefore, for the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Considering this ruling, Defendant Biggens' motion for summary judgment [Doc. 14] is **DISMISSED** as moot. Further, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

An appropriate Judgment Order will enter.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE